# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL HOLLEY, | CASE NO. 1:12-cv-01090-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| M. SCOTT, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

On May 4, 2012, Plaintiff Joel Holley, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 9.)  Plaintiff's Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.  SUMMARY OF COMPLAINT

Plaintiff identifies the following prison officials as Defendants in this action: (1) M. Scott, Classification Board Member, California State Prison, Solano (Solano); (2) T. Felton, RN, Receiving and Release, Pleasant Valley State Prison (PVSP); (3) J. Randle, Correctional Counselor, PVSP; (4) J. Chokatos, M.D., PVSP; (5) A. Lonigro, Chief Executive Officer (CEO), Health Care Services; and (6) M. Dotson, Captain and Chairperson of Classification Committee, PVSP.

Plaintiff alleges the following:

In February 2011, Plaintiff appeared before a classification committee at Solano for the purpose of determining the facility to which Plaintiff should be transferred.. (Compl. at

2

9.) Plaintiff had recently been categorized as disabled and therefore no longer qualified to remain at Solano.  Plaintiff was also a medically high risk inmate and enrolled in the Correctional Clinical Case Management System (CCCMS).  (Id. at 10.)

Plaintiff's medical status and enrollment in CCCMS foreclosed PVSP as a safe destination.  Valley Fever is a serious disease endemic to the area surrounding PVSP.  Inmates with weak immune systems and those categorized as a medical high risk are most susceptible to Valley Fever.  (Id. at 10.)  Also, PVSP is not open to inmates participating in CCCMS.  (Id. at 10, 18.)  Defendant Scott was responsible for approving facility transfers.  (Id. at 8.)  On February 24, 2011, Scott endorsed an order transferring Plaintiff to PVSP.  The transfer order acknowledged that Plaintiff was "[h]igh risk," enrolled in CCCMS, and that PVSP was closed to CCCMS prisoners.  (Id. at 10, 18.)

On April 6, 2011, Plaintiff arrived at PVSP and Defendant Felton conducted an initial screening.  Memos to PVSP health care staff, issued on August 3, 2006 and November 20, 2007, identified categories of inmates who were susceptible to Valley Fever and therefore qualified for medical transfer out of PVSP.  (Id. at 11.)  Felton was aware of the criteria and determined that Plaintiff was not eligible to be housed at PVSP.  He stated that he would draft a report for the Chief Medical Officer.  (Id. at 11, 12.)  Plaintiff requested a copy of Felton's report on February 7, 2012, and discovered that no such report had been drafted.  (Id. at 20.)

Plaintiff filed an inmate appeal on April 6, 2011, complaining that he was at an increased risk for Valley Fever infection.  Defendant Chokatos reviewed Plaintiff's appeal at the first level on June 16, 2011, and informed Plaintiff that his coronary artery disease and epilepsy did "not meet the transfer criteria for Valley Fever."  (Id. at 13, 50, 51.)

3

Defendant Lonigro affirmed Chokatos' conclusion. (Id.)

On April 20, 2011, Plaintiff appeared before a PVSP classification committee. Defendants Dotson and Randle presided along with L. Stratton, Correctional Counselor II. The committee members failed to recognize that Plaintiff was medically incompatible with housing at PVSP and approved him for entry into general population. (Id. at 12, 24.) "Defendants M. Dotson and J. Randle knew or should have known if [Plaintiff] remain at PVSP with a medical high risk, he would be more susceptible to the Valley Fever disease." (Id. at 12.) On July 31, 2012, Plaintiff was diagnosed with Valley Fever. (Id.)

On October 19, 2011, Plaintiff appeared before a second classification committee with different board members. These members recognized Plaintiff as medically high risk and referred Plaintiff for transfer. (Id. at 13, 48.)

Plaintiff contends that the Defendants exhibited deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendment.

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

1.  Substantial Risk of Harm

The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g. Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Johnson v. Pleasant Valley State Prison, 2012 WL 1297380, *3 (E.D. Cal. Apr. 16, 2012) ("Even if the risk of contracting Valley Fever is higher at PVSP than in other areas of the state, the Court declines to find that, due to its location, the prison itself constitutes a substantial risk of harm to inmates."); Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Thus, Plaintiff can not state an Eighth Amendment claim based solely upon mere exposure to, or contraction of, Valley Fever. Under certain circumstances exposure to Valley Fever could conceivably give rise to an Eighth Amendment claim. Smith v. Schwarzenegger, 393 Fed.Appx. 518 (9th Cir. 2010) (citing Helling, the Court held that it was not inconceivable that the Plaintiff could allege a cognizable claim based on Valley Fever exposure). Courts have deemed the first prong of an Eighth Amendment claim satisfied where the plaintiff has identified a factor responsible for either increasing the risk of contraction or the severity of infection. See, e.g., Stevens v. Yates, 2012 WL 2520464,

\*3 (E.D.Cal. June 28, 2012) (nearby construction disturbed soil); <u>Owens v. Trimble</u>, 2012 WL 1910102, \*2 (E.D. Cal. May 25, 2012) (asthma); <u>Whitney v. Walker</u>, 2012 WL 893783, \*2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); <u>Thurston v. Schwarzenegger</u>, 2008 WL 2129767, \*2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race).

Plaintiff asserts that being housed at PVSP in spite of the fact that he was a medical high risk inmate enrolled in CCCMS amounted to a substantial risk or harm. The Complaint explains that PVSP is located in an area endemic to Valley Fever and medical high risk individuals are more susceptible to the disease. However, Plaintiff's allegations do not explain why he was categorized high risk and how his afflictions make him more susceptible to Valley Fever. The inmate appeal responses filed by Defendants Lonigro and Chokatos explain that Plaintiff suffers from coronary artery disease and epilepsy, neither of which "meet the transfer criteria for Valley Fever." (<u>Id.</u> at 13, 50, 51.) Nothing in the Complaint provides a basis for rejecting this explanation. Plaintiff also fails to explain why being enrolled in CCCMS at PVSP poses a substantial risk of serious harm. The Court observes that Defendant Scott's transfer order at once transferred Plaintiff to PVSP and acknowledged that the facility was closed to Plaintiff as a CCCMS participant. That contradiction may be disturbing, but it does not demonstrate that housing a CCCMS enrollee at PVSP constitutes a substantial risk of harm.

Plaintiff has failed to adequately allege a substantial risk of harm and therefore can not state an Eighth Amendment claim. The Court will grant leave to amend. In order to state a cognizable claim, Plaintiff must provide facts, not just opinion or speculation, that support a claim that his medical high risk status and/or denial of CCCMS enrollment

amount to or create serious risks of harm for him.

### 2. Deliberate Indifference

Even if Plaintiff pleads such a risk of harm, to state an Eighth Amendment claim he must also demonstrate that a Defendant exhibited deliberate indifference to that substantial risk. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### C. Fourteenth Amendment

Plaintiff asserts that the aforementioned conduct also violated his Fourteenth Amendment rights, yet provides no basis for his allegation. As pled, Plaintiff has failed to state a claim. Iqbal, 129 S.Ct. at 1949. To the extent Plaintiff intended to pursue a substantive due process claim, he is instructed that if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (quotation marks and citation omitted). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (overruled on other grounds by Nitco Holding Corp., v. Boujikian, 491 F.3d 1086, 1089 (9th

Cir. 2007). Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

## V. **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed May 4, 2012;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   October 30, 2012             /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE