# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL HOLLEY, | CASE NO. 1:12-cv-01090-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| M. SCOTT, et al., | (ECF No. 13) |
| Defendants. | CLERK SHALL CLOSE THE CASE |

**SCREENING ORDER**

I.  **PROCEDURAL HISTORY**

On May 4, 2012, Plaintiff Joel Holley, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 11) were screened and dismissed, with leave to amend, on October 31, 2012 and January 29, 2013, respectively, for failure to state cognizable claims. (ECF Nos. 10, 12.) Plaintiff's Second Amended Complaint (ECF No. 13) is now before the Court for screening.

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint identifies the following prison officials as Defendants: (1) M. Scott, CSR Board Member, California State Prison, Solano (Solano); (2) T. Felton, RN, Pleasant Valley State Prison (PVSP); (3) J. Randle, Correctional Counselor, PVSP; (4) J. Chokatos, M.D., PVSP; (5) A. Lonigro, CEO, Health Care Service, PVSP; and (6) M. Dotson, Classification Committee Member, PVSP.

Plaintiff alleges the following:

Plaintiff is an African American inmate designated as medically high risk for contracting Valley Fever[1] because of his race and health status. On February 24, 2011, Defendant Scott approved Plaintiff's transfer from Solano to PVSP where Valley Fever is endemic. The transfer order, signed by Scott, noted that Plaintiff required a Clinical Care Case Management System (CCCMS)[2] level of medical care and that PVSP was closed to such inmates.[3] (Compl. at 3.) Nevertheless, on April 6, 2011, Plaintiff was transferred to PVSP pursuant to Scott's order.

Defendant Felton conducted an initial medical screening and determined that Plaintiff was not fit to be housed at PVSP. The Chief Medical Officer had issued memorandums on August 3, 2006 and November 20, 2007, informing PVSP medical staff that medically high risk inmates were to be sent before a classification committee and considered for transfer.[4] Felton told Plaintiff that he would draft a chrono advising the Chief

---

[1] Valley Fever, also known as coccidioidomycosis, is a serious infectious disease contracted by inhalation of an airborne fungus. See Definition of Coccidioidomycosis (Valley Fever) http://www.cdc.gov/fungal/coccidioidomycosis/definition.html (last updated March 15, 2012).

[2] CCCMS is the first level of mental health care provided by the California Department of Corrections and Rehabilitation. "The CCCMS level of care is for inmates whose symptoms are under control or in partial remission and can function in the general prison population, administrative segregation, or segregated housing units." Coleman v. Schwarzenegger, 2009 WL 2430820, at *15 n. 24 (E.D. Cal. Aug.4, 2009).

[3] The transfer order signed by Defendant Scott endorses Plaintiff for PVSP while at the same time "noting PVSP-III is closed to CCCMS intake." (Compl. at 15.) Nevertheless, Plaintiff's action does not seek relief based on being transferred to PVSP when it was closed to CCCMS patients. Moreover, there is no reason to believe Plaintiff's mental or other medical status had any affect on his susceptibility to, or contraction of, Valley Fever.

[4] The amended complaint does not clearly define the criteria for "medically high risk" as used in the memorandums issued in 2006 and 2007. However, as noted below, the Defendants determined that Plaintiff's conditions, coronary artery disease and epilepsy, did not qualify for a medical transfer with regard to Valley Fever susceptibility. (Compl. at 44, 45.)

3

Medical Officer that a medical transfer was necessary.  Plaintiff requested a copy of Felton's report on February 7, 2012, and was informed that no such report was found. (Id. at 5, 6.)

Plaintiff filed an inmate appeal on April 6, 2011, stating that he was medically high risk and therefore more susceptible to Valley Fever. On April 20, 2011, Plaintiff appeared before an initial classification hearing. Chairperson Dotson and committee member Randle "failed to recognize that Plaintiff was classified as a medical high risk inmate who was more susceptible to the Valley Fever diseases if he remain housed at PVSP." (Id. at 6.) This information was reflected in Plaintiff's central file for consideration.[5] (Id.) However, Defendant Randle failed to "maintain" the information pertaining to Plaintiff's high risk medical status for subsequent review by the classification committee. (Id. at 7.) Dotson and Randle noted Plaintiff's physical impairments and ordered accommodations such as a lower bunk and no stairs. (Id. at 26.)

On June 16, 2011, Defendant Chokatos interviewed Plaintiff regarding his inmate appeal. Chokatos determined that Plaintiff's various medical conditions were under control and therefore no medical transfer was necessary. (Id. at 8, 44.) The following month Plaintiff was diagnosed with Valley Fever. (Id. at 9.)

Plaintiff pursued his inmate appeal to the next administrative level, where it was reviewed by Defendant Lonigro on August 22, 2011. He reported that Plaintiff did "not

---

[5] Again, as far as the Court can tell, Plaintiff is referring generally to the fact that he has multiple medical complications and not the more specific criteria for increased susceptibility to Valley Fever as defined by the Defendants in their response to Plaintiff's inmate appeal. (Compl. at 44, 45.)

4

meet the transfer criteria for Valley Fever." (Id. at 45.) The appeal response identified the various criteria for determining Valley Fever susceptibility and invited Plaintiff to file a health care services request if he believed he had a qualifying medical condition. Plaintiff was also informed that individuals who had already contracted Valley Fever did not qualify as medically susceptible. (Id. at 8, 45.)

On October 19, 2011, another classification committee was convened and concluded that Plaintiff's medical high risk status warranted an institution transfer. Plaintiff was transferred from PVSP to Deuel Vocational Institution on December 1, 2011. (Id. at 9.)

## IV.   LEGAL STANDARDS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

5

face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

#### 1. Substantial Risk of Harm

The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth

Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g. Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Thus, Plaintiff can not state an Eighth Amendment claim based solely upon mere exposure to, or contraction of, Valley Fever.  There are circumstances however where exposure to Valley Fever could conceivably give rise to an Eighth Amendment claim. Smith v. Schwarzenegger, 393 F. App'x. 518 (9th Cir. 2010) (citing Helling, the Court held that it was not inconceivable that the Plaintiff could allege a cognizable claim based on Valley Fever exposure).  Courts have deemed the first prong of an Eighth Amendment claim satisfied where the plaintiff has identified a factor responsible for either increasing the risk of contraction or the severity of infection.  See, e.g., Stevens v. Yates, 2012 WL 2520464, *3 (E.D.Cal. June 28, 2012) (nearby construction disturbed soil); Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race).

Plaintiff alleges that he was designated as a medically high risk inmate and therefore particularly susceptible to Valley Fever. The term "medically high risk" as used

by Plaintiff is not clearly defined.  The inmate appeal responses filed by Defendants Lonigro and Chokatos acknowledge that Plaintiff suffers from coronary artery disease and epilepsy but explain that neither affliction "meet[s] the transfer criteria for Valley Fever." (Compl. at 8, 44, 45.)  Plaintiff also fails to explain how enrollment in CCCMS, a program that treats mental disorders, James v. Murphy, 2012 WL 487040, *11 (C.D. Cal. Jan. 24, 2012), impacts his vulnerability to Valley Fever.  Nothing before the court suggests that such conditions exposed Plaintiff to a greater likelihood of catching Valley Fever.  The Court's original screening order notified Plaintiff that his allegations did not satisfy the first element of his Eighth Amendment claim.

Plaintiff also alleges that as an African American he is more susceptible to Valley Fever.  The vulnerability of particular races, including African American, has been held to be sufficiently serious to satisfy the first element of an Eighth Amendment claim based on Valley Fever exposure.  See Thurston, 2008 WL at *2 (various medical conditions and race).  Plaintiff has thereby met the first criteria for asserting such a claim.

        2.     Deliberate Indifference

However, the facts alleged do not establish that any of the Defendants knowingly disregarded any risk that Plaintiff, because of his medical conditions or race, was more vulnerable to Valley Fever.

Plaintiff stresses that Defendants were aware of his medical status and that he might be harmed because of his classification as a medical high risk.  However, as discussed above and in the original screening order, Plaintiff's psychological status and high risk medical status attributable to epilepsy and coronary artery disease do not create a risk of the harm Plaintiff complains about (Valley Fever).  Defendants can not be sued

for disregarding a non-existent risk.

While, on the other hand, Plaintiff's race did expose him to a serious risk of Valley Fever, Plaintiff alleges no facts suggesting that any of the Defendants were actually aware of this risk. Plaintiff does not allege that he raised the issue of his race and his resulting susceptibility to Valley Fever with any of the Defendants. He present nothing to indicate they otherwise knew of it. He does allege that the higher risk to African Americans is known throughout the California Department of Corrections and Rehabilitation, but offers nothing to support this conclusion or anything to suggest it is based on more than supposition or speculation. Such conjecture, even if based on reasonable belief that Defendants should have known, is inadequate to state a cognizable claim.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Alleging that the information was available to the Defendants and they should have been aware of the risk is not sufficient to state a claim. Id.

Plaintiff has failed to establish that Defendants acted with deliberate indifference. The Court has twice previously instructed Plaintiff on the legal standard and given him opportunity to allege facts which meet it. No useful purpose would be served in yet again advising him of those same standards and giving him yet another opportunity to try to meet

them. Further leave to amend would be futile and will not be given.

### C.     Fourteenth Amendment

Plaintiff asserts that the aforementioned conduct also violated his Fourteenth Amendment rights, but he provides no basis for this allegation. As pled, Plaintiff has failed to state a claim. Iqbal, 129 S.Ct. at 1949. To the extent Plaintiff intended to pursue a substantive due process claim, where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (quotation marks and citation omitted). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (overruled on other grounds by Nitco Holding Corp., v. Boujikian, 491 F.3d 1086, 1089 (9th Cir. 2007). Therefore, the Eighth Amendment, discussed above, rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

### D.     State Law Claims

Plaintiff also alleges violations of rights secured by the California Constitution. The Court does not reach the viability of Plaintiff's state law claims because Plaintiff has failed to state a cognizable federal claim. 28 U.S.C. § 1367(c)(3); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

## V.     CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's Second Amended

Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   July 31, 2013                              /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE